UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ERNEST YOUNG, on behalf of himself and all others similarly situated, | : : : | |
| | : | Cause No. 1:19-cv-00524-WES-PAS |
| Plaintiff, | : : | |
| v. | : : | |
| THE WASHINGTON TRUST COMPANY, | : : | |
| Defendant. | : | |

**UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF THE CLASS, APPOINTMENT OF CLASS COUNSEL, DIRECTION OF NOTICE, AND SETTING DATE FOR FINAL APPROVAL HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff, Ernest Young, by counsel, under Federal Rule of Civil Procedure 23(e)(1), hereby moves the Court for entry of an Order:

1.     Preliminarily approving the class action Settlement Agreement and Release reached between Plaintiff, Ernest Young, and Defendant, The Washington Trust Company, attached as Exhibit 1 to the Declaration of Lynn A. Toops in Support of the Unopposed Motion for Preliminary Approval (the "Settlement");

2.     Preliminarily certifying the Class and appointing class counsel;

3.     Approving the proposed notice plan and deadlines for class members to object to, or opt-out of, the proposed Settlement as set forth in this table of proposal deadlines:

## PROPOSED APPROVAL TIMELINE

| Event | Time for Compliance |
|---|---|
| Deadline for Settlement Administrator to E-mail and Mail Notice | Within 30 days from entry of the Preliminary Approval Order |
| Deadline for final approval motion and motion requesting attorneys' fees and expenses, and class representative service awards | 45 days after entry of the Preliminary Approval Order |
| Deadline for Class Member Objections | 90 days after entry of the Preliminary Approval Order |
| Deadline for Opt-Outs | 90 days after entry of the Preliminary Approval Order |
| Deadline for response to objections, if any | 105 days after entry of the Preliminary Approval Order |
| Final Approval Hearing | Approximately 120 days after entry of the Preliminary Approval Order. |

4.      Scheduling a hearing to consider final approval of the Settlement.

This motion is made on the grounds that the Settlement is the product of arm's-length negotiations by informed counsel with the able assistance of Magistrate Judge Sullivan and is a fair, reasonable, and adequate compromise of the claims brought in this case. Class counsel met and conferred with counsel for Defendant about this motion, and Defendant does not oppose the motion.

## TABLE OF CONTENTS

PROPOSED APPROVAL TIMELINE ........................................................................ II

INTRODUCTION ............................................................................................... 1

STATEMENT OF FACTS ..................................................................................... 1

    1. Settlement Terms............................................................................................ 2

        A. The Settlement Class................................................................................ 2

        B. Value of the Settlement to the Settlement Class Members ...................... 2

        C. Distribution to Settlement Class Members ............................................. 3

        D. *Cy Pres* Distribution of any Unclaimed Funds ....................................... 3

        E. Notice to Class Members......................................................................... 3

        F. Attorneys' Fees and Expenses, and Class Representative Service Award................. 4

LEGAL STANDARD ........................................................................................... 4

    I. In the "preliminary approval" stage, the Court determines only whether it "will likely be able to" grant final approval and to certify a class for judgment.................................... 5

        A. In the First Circuit, there is no "fixed checklist" for determining whether a Rule 23 settlement is "fair, adequate, and reasonable." ............................. 5

            1. Rule 23(e) and *Grinnell* factors.................................................. 6

    II. The Court evaluates the class under the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) to determine whether it "will likely be able to" certify a class for judgment on the settlement.................................... 8

    III. Once a court grants "preliminary approval," it must approve and direct notice to the class, set deadlines for class members to opt-out or object, and set a date for a final approval hearing.................................... 9

DISCUSSION ...................................................................................................... 10

    I. The Court should grant preliminary approval because it "will likely be able to" grant final approval and to certify a class for judgment. ............................. 10

        A. The Court will "likely be able to" grant final approval. ......................... 10

            1. The Rule 23(e)(2) factors support preliminary approval.................................. 11

            2. The *Grinnell* factors support preliminary approval. ..................................... 12

        B. The Court will "likely be able to" certify the class for judgment. ........................... 13

II. The Court should approve the proposed notice plan, set the deadlines for opt-outs and objections, and set a final approval hearing date in mid–November 2021. ................... 14

CONCLUSION ........................................................................................................... 14

# TABLE OF AUTHORITIES

## CASES

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)............................................................ 10, 16

*Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 130 (1st Cir.1985) ............................................ 11

*Baptista v. Mut. of Omaha Ins. Co.*, 859 F. Supp. 2d 236 (D.R.I. 2012)..................................... 10

*Bezdek v. Vibram USA, Inc.*, 809 F.3d 78 (1st Cir. 2015) .......................................................... 7, 8

*Bond v. Fleet Bank (RI), N.A.*, No. CIV.A. 01-177 L, 2002 WL 31500393 (D.R.I. Oct. 10, 2002)

........................................................................................................................................ 11, 16

*City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 463 (2d Cir. 1974).................................... passim

*City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041 (1st Cir. 1996).............................. 7

*Garcia-Rubiera v. Calderon*, 570 F.3d 443 (1st Cir. 2009).................................................... 10, 16

*In re Bos. Sci. Corp. Sec. Litig.*, 604 F. Supp. 2d 275 (D. Mass. 2009)........................................ 10

*In re Bos. Sci. Corp. Sec. Litig.*, 604 F. Supp. 2d at 281.............................................................. 16

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 216 F.R.D. 197 (D. Me. 2003).. 8

*In re Fleet/Norstar Sec. Litig.*, 935 F. Supp. 99 (D.R.I. 1996), *supplemented,* 974 F. Supp. 155

(D.R.I. 1997) ................................................................................................................... 7

*In re Nexium Antitrust Litig.*, 777 F.3d 9 (1st Cir. 2015) ...................................................... 12, 17

*In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 32–33 (1st Cir. 2009) ........ 6, 7

*In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249 (D.N.H. 2007) .......................... 8, 9

*Medoff v. CVS Caremark Corp.*, No. 09-CV-554-JNL, 2016 WL 632238 (D.R.I. Feb. 17, 2016)6, 8, 10

*Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund*, 582 F.3d 30

(1st Cir. 2009) ...................................................................................................... passim

*P.R. Dairy Farmers Ass'n v. Pagan*, 748 F.3d 13 (1st Cir. 2014) .................................................. 7

*Rosen v. Textron, Inc.*, 369 F. Supp. 2d 204 (D.R.I. 2005)..................................................... 11, 17

*Sesto v. Prospect CharterCARE, LLC*, No. CV 18-328 WES, 2019 WL 2394251 (D.R.I. June 6, 2019) ........................................................................................................................ 6, 9

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ........................................................... 11, 16

**RULES**

Fed. R. Civ. P. 23(a) ..................................................................................... 10, 12, 13, 16

Fed. R. Civ. P. 23(b) ..................................................................................... 10, 11, 12, 13

Fed. R. Civ. P. 23(c) ............................................................................................. 12, 13, 17

Fed. R. Civ. P. 23(e) ................................................................................................... passim

## INTRODUCTION

After engaging in motion practice over the legal claims, exchanging important information, having an expert project damages, and engaging in mediation with Judge Sullivan, the parties reached the proposed class action Settlement Agreement and Release (the "Settlement") that is now before the Court for preliminary approval under Federal Rule of Civil Procedure 23(e)(1).[1] The Settlement, which was the result of hard-fought, arm's-length negotiations, provides a cash Settlement Fund of $425,000. Declaration of Lynn Toops ("Toops Decl.") ¶ 9. The Settlement represents a recovery of *ninety-five percent of the damages* projected by the expert for the proposed class period, and the Settlement monies will be distributed to the members of the Class without need for them to complete a claim form or take any additional steps. In addition, Defendant will pay separately the costs of providing notice to the Class and the costs of administering the proposed Settlement. The Settlement represents an excellent result for the Class in this litigation, and the Court should grant preliminary approval to the Settlement. Granting preliminary approval will allow notice of the Settlement to be distributed to the Class and for a hearing to be scheduled to consider whether to grant final approval.

## STATEMENT OF FACTS

Plaintiff and the members of the proposed Class are, or were, customers of The Washington Trust Company ("Defendant" or "WTC"). On October 4, 2019, Plaintiff filed a putative class action complaint in this Court against WTC, alleging claims on behalf of a class for breach of WTC's Account Agreement and breach of the implied covenant of good faith and fair dealing. ECF No. 1. The complaint alleged that WTC charged multiple "returned item fees" ("NSF Fees") on a

---

[1] The Settlement is attached as Exhibit 1 to the Declaration of Lynn Toops in Support of the Unopposed Motion for Preliminary Approval ("Toops Decl.").

single item. *Id.* The parties completed briefing on WTC's Motion to Dismiss on January 21, 2020. ECF Nos. 7, 12, 14. The Court issued a text order partially denying the motion to dismiss on June 2, 2020. WTC answered the complaint on June 16, 2020. ECF No. 25.

On September 11, 2020, the Court referred the case to Magistrate Judge Patricia A. Sullivan for mediation. Leading up to mediation, an expert received data from WTC to project the alleged damages to the Class. Toops Decl. ¶ 5. Plaintiff's counsel also prepared a 13-page, single-spaced, comprehensive mediation statement, addressing the facts and legal arguments as to why Plaintiff would prevail in the litigation and be awarded a significant monetary judgment at trial. *Id.* ¶ 2. The parties participated in three separate settlement conferences with Judge Sullivan - occurring November 17, 2020, December 1, 2020, and February 19, 2021 - where each side vigorously advocated its position. *Id.* ¶ 4, 6. During the mediation process, WTC disclosed that based on its records it had identified 13,238 returned item fees assessed during the proposed class period from October 23, 2015 to December 31, 2020 against 3552 different WTC accounts.  Ultimately, the parties reached an agreement in principle, and subsequently documented all details of the current proposed Settlement. *Id.* ¶ 7.

1.    **Settlement Terms**

    A.    **The Settlement Class**

    The Settlement provides for certification of a Class consisting of: Class Members who were charged Multiple NSF Fees during the Class Period be certified for settlement purposes. Settlement (III). Defendant agrees that the Class should be certified for purposes of settlement. *Id.*

    B.    **Value of the Settlement to the Settlement Class Members**

    In exchange for the dismissal of this action and the release in the Settlement, WTC has agreed to pay $425,000.00 to be used for direct payments to the members of the Settlement Class

(the "Settlement Fund"), after deductions of court-approved fees, expenses, and any class representative service award. Settlement (IV). In addition, Defendant will pay separately the costs of providing notice to the Class and the costs of administering the proposed Settlement.

### C.    Distribution to Settlement Class Members

The Settlement does not require class members to submit a claim or take any action to claim the monies they are entitled to under the Settlement. Settlement (IX) ¶ 2(c)(1), (2). Rather, payments will be made to class members by directly crediting their WTC account if they are a current member or by mailing a check to their last known address if they are no longer a WTC member. *Id.* Each class member will receive their pro rata share of the Settlement Fund, based on the total number of fees that the class member paid. *Id.* ¶ 2(b)(2)

### D.    *Cy Pres* Distribution of any Unclaimed Funds

If any checks mailed to former WTC members remain uncashed after 200 days from the Effective Date of the Settlement, those funds do not revert to WTC. Settlement (X). Instead, if there are enough funds to justify a second distribution to Settlement Class Members, a second distribution will be made. *Id.* ¶ 1(a). When funds remain but are not large enough to justify a second distribution, or the second distribution has been completed, any remaining funds will be paid on a *cy pres* basis and for a charitable purpose to Center for Responsible Lending, which Class Counsel has identified as an organization that works to promote financial literacy. *Id.* ¶ 1(b)

### E.    Notice to Class Members

The Settlement includes the proposed short form and long form notices to the class members that inform them of the terms of the settlement and their rights to object to, or opt-out of, the Settlement, or to do nothing and receive the benefits of the Settlement and be bound by it. Settlement Exs. 1-3. Notice will be emailed to Class Members who have previously provided their email address to WTC and who have not opted out of receiving electronic communications from

WTC. For all other Class Members, including those who were sent an email returned as undeliverable, Notice will be transmitted by regular mail. Settlement (VII) ¶ 4.

A website will also be established to provide class members with additional information relating to the Settlement. *Id.* ¶ 5. The Settlement Administrator will transmit the notice and the costs will be paid by WTC. *Id.* ¶¶ 1, 8.

**F.      Attorneys' Fees and Expenses, and Class Representative Service Award**

Before the deadline for class members to object, class counsel will file a motion with the Court requesting to be paid up to one-third of the Settlement Fund as attorneys' fees and will seek reimbursement of reasonable expenses. Settlement (V) ¶ 1. Class counsel will also file a motion requesting that the Court approve payment of a service award of $5,000.00 to the class representative, in recognition of his efforts in this case that have resulted in a benefit to thousands of others. *Id.* ¶ 2. The requests for attorneys' fees and expenses, the Settlement Administrator's costs, and for a service award will be posted to the settlement website. Settlement (VII) ¶ 5.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements. In general, the approval process involves three stages: (1) notice of the settlement to the class after "preliminary approval" by the court; (2) an opportunity for class members to opt out of, or object to, the proposed settlement; and (3) a subsequent hearing at which the court grants "final approval" upon finding that the settlement is "fair, reasonable, and adequate," after which judgment is entered, class members receive the benefits of the settlement, and the defendant receives the benefit of the release provision in the Settlement that releases all claims asserted on behalf of class members in the Complaint. Fed. R. Civ. P. 23(e)(1)–(2), (4)–(5).

I.    **In the "preliminary approval" stage, the Court determines only whether it "will likely be able to" grant final approval and to certify a class for judgment.**

In deciding whether to grant "preliminary approval" to a proposed settlement, the Court evaluates two issues: (1) whether "the court will likely be able to" grant final approval to the settlement as a fair, reasonable, and adequate compromise; and (2) whether "the court will likely be able to" certify the class for purposes of entering judgment on the settlement. Fed. R. Civ. P. 23(e)(1)(B). *See also Sesto v. Prospect CharterCARE, LLC*, No. CV 18-328 WES, 2019 WL 2394251, at *1 (D.R.I. June 6, 2019) (C.J. Smith) ("[A]t this preliminary approval stage, a less rigorous standard applies: the Court need only determine whether the settlement appears to fall within the range of possible final approval." (internal quotations and citation omitted)).

A.    **In the First Circuit, there is no "fixed checklist" for determining whether a Rule 23 settlement is "fair, adequate, and reasonable."**

Under Rule 23(e)(2), the Court may approve a class action settlement only if it is "fair, adequate, and reasonable"—or "(in shorthand), 'reasonable.'" *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 32–33 (1st Cir. 2009) (quoting *Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund*, 582 F.3d 30, 44 (1st Cir. 2009)). Indeed, "[t]he court performs this analysis in the shadow of the 'strong public policy in favor of settlements.'" *Medoff v. CVS Caremark Corp.*, No. 09-CV-554-JNL, 2016 WL 632238, at *5 (D.R.I. Feb. 17, 2016) (quoting *P.R. Dairy Farmers Ass'n v. Pagan*, 748 F.3d 13, 20 (1st Cir. 2014)). *See also Nat'l Ass'n of Chain Drug Stores*, 582 F.3d at 44 ("[P]olicy encourages settlements."); *In re Fleet/Norstar Sec. Litig.*, 935 F. Supp. 99, 105 (D.R.I. 1996), *supplemented,* 974 F. Supp. 155 (D.R.I. 1997) ("The district court's discretion is circumscribed by the long-recognized policy of encouraging settlements."). And while the "burden remains on the proponents to show that the settlement is reasonable, [u]sually, 'there is a presumption in favor of the settlement' if discovery has been adequate and the parties have bargained at arms length." *Nat'l*

*Ass'n of Chain Drug Stores*, 582 F.3d at 44 (quoting *City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996)); *see also In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d at 32–33) ("If the parties negotiated at arm's length and conducted sufficient discovery, the district court must presume the settlement is reasonable."); *Bezdek v. Vibram USA, Inc.*, 809 F.3d 78, 82 (1st Cir. 2015) (same).

In the First Circuit, evaluation of Rule 23 settlement "requires a wide-ranging review of the overall reasonableness of the settlement that relies on neither a fixed checklist of factors nor any specific litmus test." *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 259 (D.N.H. 2007) (collecting cases); *see also In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 216 F.R.D. 197, 206 (D. Me. 2003); ("There is no single test in the First Circuit for determining the fairness, reasonableness and adequacy of a proposed class action settlement."). Rather, the First Circuit emphasizes that while this determination "has been given substance by case law offering laundry lists of factors, most of them intuitively obvious and dependent largely on variables that are hard to quantify," the Court's "ultimate decision . . . involves balancing the advantages and disadvantages of the proposed settlement as against the consequences of going to trial or other possible but perhaps unattainable variations on the proffered settlement." *Nat'l Ass'n of Chain Drug Stores*, 582 F.3d at 44 (collecting cases); *see Bezdek*, 809 F.3d at 82 (same); *Medoff*, 2016 WL 632238, at *5 (same). In the end, "the district court enjoys considerable range in approving or disapproving a class settlement, given the generality of the standard and the need to balance [a settlement's] benefits and costs." *Nat'l Ass'n of Chain Drug Stores,* 582 F.3d at 45.

### 1. Rule 23(e) and *Grinnell* factors

Notwithstanding that the First Circuit does not apply a "checklist" to the Court's approval of Rule 23 settlement, Rule 23(e) delineates factors for the Court to consider:

6

(A)     the class representatives and class counsel have adequately represented the class;

(B)     the proposal was negotiated at arm's length;

(C)     the relief provided for the class is adequate, taking into account:

    (i)      the costs, risks, and delay of trial and appeal;

    (ii)     the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii)    the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv)     any agreement required to be identified under Rule 23(e)(3); and

(D)     the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2); *see also Nat'l Ass'n of Deaf v. Massachusetts Inst. of Tech.*, No. 3:15-CV-30024-KAR, 2020 WL 1495903, at *3 (D. Mass. Mar. 27, 2020); *Sesto*, 2019 WL 2394251, at *6.

Additionally, courts in this Circuit will sometimes apply the Second Circuit's *Grinnell* factors. *See In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d at 259 (citing *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 463 (2d Cir. 1974));[2] *see also Sesto, LLC*, No. CV 18-328 WES, 2019 WL 4758161, at *3-*4 (D.R.I. Sept. 30, 2019); *Baptista v. Mut. of Omaha Ins. Co.*, 859 F. Supp. 2d 236, 240 (D.R.I. 2012).

---

[2] The *Grinnell* factors are:

(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Grinnell Corp.,* 495 F.2d at 463.

**II.    The Court evaluates the class under the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) to determine whether it "will likely be able to" certify a class for judgment on the settlement.**

In deciding whether the court "will likely be able to certify" a class, the Court evaluates whether the proposed class meets the four requirements of Rule 23(a) and any one of the requirements of the subsections of Rule 23(b), which in this case is subsection 23(b)(3). *See, e.g.*, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 621 (1997); *Medoff*, 2016 WL 632238, at *2.

Under Rule 23(a), the proposed class must satisfy the four "requirements of numerosity, commonality, typicality, and fair and adequate representation." *Amchem*, 521 U.S. at 621.

Numerosity is satisfied if there are merely forty or more class members. *Garcia-Rubiera v. Calderon*, 570 F.3d 443, 460 (1st Cir. 2009). Commonality is satisfied if there is any common issue of law or fact; it "is relatively easy for a plaintiff to show . . . because [a] *single* common legal or factual issue can suffice to satisfy the requirement." *In re Bos. Sci. Corp. Sec. Litig.*, 604 F. Supp. 2d 275, 281 (D. Mass. 2009) (internal quotations and citation omitted) (emphasis in original). Commonality exists if the claims "depend upon a common contention" that "is capable of classwide resolution," such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Typicality asks whether the class representative's claim "arises from the same course of conduct and is based on the same legal theory as the claims of the class as a whole." *Bond v. Fleet Bank (RI), N.A.*, No. CIV.A. 01-177 L, 2002 WL 31500393, at *5 (D.R.I. Oct. 10, 2002). It will "generally be met" where the "defendant's course of conduct" and the "claims as to that conduct" are the same as to all class members. *Id.* Adequacy requires "that the interests of the representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced and able

8

to vigorously conduct the proposed litigation.'" *Rosen v. Textron, Inc.*, 369 F. Supp. 2d 204, 216 (D.R.I. 2005) (quoting *Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 130 (1st Cir.1985)).

Finally, the requirements of Rule 23(b)(3) are satisfied if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Predominance "does not require a plaintiff seeking class certification to prove that each element of her claim is susceptible to classwide proof. Rather, the question is whether there is reason to think that [individualized] questions will overwhelm common ones and render class certification inappropriate." *In re Nexium Antitrust Litig.*, 777 F.3d 9, 21 (1st Cir. 2015) (internal quotations and citations omitted).

Upon finding that the requirements of Rule 23(a) and 23(b)(3) for class certification will likely be met for entry of judgment of the settlement and that the court will likely be able to grant final approval to the settlement as fair, reasonable, and adequate, the court grants preliminary approval.

### III.    Once a court grants "preliminary approval," it must approve and direct notice to the class, set deadlines for class members to opt-out or object, and set a date for a final approval hearing.

Upon the granting of preliminary approval, the court "must direct notice in a reasonable manner to all class members" to inform them of the proposed settlement. Fed. R. Civ. P. 23(e)(1)(B). Notice may be given by "United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B). The notice must clearly and concisely state in plain, easily understood language:

(i)      the nature of the action;

(ii)     the definition of the class certified;

(iii)    the class claims, issues, or defenses;

(iv)    that a class member may enter an appearance through an attorney if the member so desires;

(v)     that the court will exclude from the class any member who requests exclusion;

(vi)    the time and manner for requesting exclusion; and

(vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). After the time for objections and opt-out requests has passed, the Court then holds a hearing to consider whether to grant final approval, taking into account any objections raised by class members and all other relevant factors. Fed. R. Civ. P. 23(e)(2).

## DISCUSSION

The Court should enter an order granting preliminary approval to the Settlement, certifying the Class and appointing class counsel, approving the notice and notice plan, and scheduling a final approval hearing because: (1) the settlement is fair, reasonable, and adequate and will likely be granted final approval; (2) the Class meet the requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) and therefore the Court will likely be able to certify the Class for judgment on the Settlement; and (3) the form and method of notice meets the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

I.   **The Court should grant preliminary approval because it "will likely be able to" grant final approval and to certify a class for judgment.**

   A.  **The Court will "likely be able to" grant final approval.**

Under the First Circuit's balancing standard, the significant "advantages . . . of the proposed settlement" recommend approval in light of the "consequences [and risks] of going to trial. . . ." *Nat'l Ass'n of Chain Drug Stores*, 582 F.3d at 44. Furthermore, the Rule 23(e)(2) factors and additional *Grinnell* factors support that the Court "will likely be able to" grant final approval because the settlement is "fair, reasonable, and adequate." *Grinnell Corp.,* 495 F.2d at 463.  And

because the Settlement is the result of vigorous, arm's length negotiations, the presumption favoring its approval applies here. *Nat'l Ass'n of Chain Drug Stores*, 582 F.3d at 44.

### 1. The Rule 23(e)(2) factors support preliminary approval.

Rule 23(e)(2)(A) supports approval because the class representative and class counsel have adequately represented the Class by investigating and vigorously pursuing the claims in this case and by convincing the Defendant to agree to pay $425,000. Toops Decl. ¶¶ 2, 9.

Rule 23(e)(2)(B) supports approval because the Settlement was negotiated at arm's length and through the use of a neutral mediator. *Id*. ¶¶ 3–9.

Rule 23(e)(2)(C) supports approval for several reasons. First, the substantial relief provided in exchange for a full release for all claims asserted in the Complaint on behalf of the proposed class members accounts for ninety-five percent of the what the Class could have hoped to achieve for the proposed class period, while at the same time the Settlement eliminates the costs and delays of litigation and eliminates the risk that the Class could have suffered a defeat on a motion to dismiss, summary judgment, class certification, trial, or appeal. Toops Decl. ¶¶ 10, 12–14; Fed. R. Civ. P. 23(e)(2)(C)(i). Second, the method of distributing the relief to the Class is highly efficient because it requires class members to do nothing—they will automatically receive a credit to their bank accounts or a check in the mail, without the need to submit a claim form or take any other steps. Settlement (IX) ¶ 2; Toops Decl. ¶ 11; Fed. R. Civ. P. 23(e)(2)(C)(ii). Third, the requested fees are subject to Court approval, are in-line with the amounts typically awarded, and will be paid near the time that the class members will also receive their payments. Toops Decl. ¶ 15; Fed. R. Civ. P. 23(e)(2)(C)(iii). Finally, there are no other agreements that would need to be identified under Rule 23(e)(3). Toops Decl. ¶ 156; Fed. R. Civ. P. 23(e)(2)(C)(iv).

Finally, Rule 23(e)(2)(D) supports approval because the Settlement treats class members equitably relative to each other by awarding them a pro rata share of the Settlement Fund that is

based on the number of disputed fees they were charged, ensuring that class members who were charged more disputed fees will receive larger payments. Settlement (IX) ¶ 2(b)(2).

### 2. The *Grinnell* factors support preliminary approval.

The additional *Grinnell* factors likewise support preliminary approval. First, the terms of the Settlement are very favorable to the Class because they include a cash payment of $425,000 in exchange for a full release for all claims asserted in the Complaint on behalf of the proposed class members. Toops Decl. ¶ 9. This represents ninety-five percent of members' potential recovery for the class period, and is therefore, substantial relief for class members. Toops Decl. ¶¶ 8, 12. And while WTC certainly has financial resources, it is precisely those resources that would have permitted it to vigorously contest the claims in this case, which would have increased the complexity and expense of the litigation, which would lower any potential recovery to the Class. *See Grinnell Corp.,* 495 F.2d at 463 (looking at, *inter alia*, "complexity, expense and likely duration of the litigation" and comparing the reasonableness of the fund to "best possible recovery" and "possible recovery in light of all the attendant risks of litigation"). Moreover, while Plaintiff believes in the merits of her case, class action litigation is inherently risky and involves numerous procedural hurdles. Toops Decl. ¶ 14. For instance, the Court denied WTC's motion to dismiss without prejudice, which if granted at a later stage of the case would leave class members with no recovery. *Id*. Even if the Court ruled for Plaintiff, Plaintiff faced the hurdle of having the Court certify a class and having that ruling potentially immediately appealed. *Id.*  Without a certified class, no class member would likely receive any recovery. *Id*. And summary judgment, trial, and appeal present significant risks in any case. *Id*. *See Grinnell Corp.,* 495 F.2d at 463 (looking to the risks of establishing liability and damages and of "maintaining the class action through the trial"). In counsel's experience, a settlement in this range is likely to be viewed favorably by the class members who will appreciate receiving compensation from this lawsuit without having to expend

any resources of their own. Toops Decl. ¶ 14. *See Grinnell Corp.,* 495 F.2d at 463 (looking to, "reaction of the class to the settlement").

### B.  The Court will "likely be able to" certify the class for judgment.

The Settlement is not only fair, reasonable, and adequate, but certifying the Class for judgment on the Settlement is appropriate under Federal Rules of Civil Procedure 23(a) and 23(b)(3).

The proposed Class satisfy Rule 23(a)'s four "requirements of numerosity, commonality, typicality, and fair and adequate representation." *Amchem*, 521 U.S. at 621.

Numerosity is satisfied here because the Class consists of thousands of current and former members, respectively. *Garcia-Rubiera*, 570 F.3d at 460 (forty members is sufficient). Second, ample common issues exist between members, because the case is based on WTC's uniform practices. *In re Bos. Sci. Corp. Sec. Litig.*, 604 F. Supp. 2d at 281 (a "*single* common legal or factual issue can suffice"). Thus, the claims all depend upon common contentions that resolve "in one stroke" issues central to each class members' claims. *Wal-Mart Stores, Inc.*, 564 U.S. at 350. Typicality is satisfied because the "defendant's course of conduct" and the "claims as to that conduct" are the same as to all class members. *Bond*, 2002 WL 31500393, at *5. Thousands of class members have been exposed to the WTC's uniform practice of charging multiple NSF Fees. Adequacy is satisfied because the class representative and counsel have vigorously prosecuted this action and their interests are aligned with those of the class—to obtain the largest recovery possible. *Rosen*, 369 F. Supp. 2d at 216.

Likewise, Rule 23(b)(3) predominance is met. The common questions related to WTC's common course of conduct will "overwhelm" individualized questions, if any at all. *In re Nexium Antitrust Litig.*, 777 F.3d at 21. Superiority is satisfied because an agreed resolution with a large payout made directly to class members is superior to the costs, risks, and delays of other options

for deciding this case and guarantees that class members receive a recovery. Thus, all of the requirements to certify the Class for judgment on the Settlement, after notice and a final approval hearing, are met, and the Court should grant preliminary approval, and appoint Plaintiff as Class Representative and Cohen & Malad, LLP, Branstetter, Stranch & Jennings, PLLC, and Kaliel PLLC as class counsel. Toops Decl. at ¶ 2.

## II. The Court should approve the proposed notice plan, set the deadlines for opt-outs and objections, and set a final approval hearing date in mid–November 2021.

As part of the preliminary approval order, the Court should also approve the proposed forms and manner of notice. The notice constitutes the "best practicable notice" under the circumstances and is direct notice to each class member individually. The long form of notice is based off of plain-English forms adopted by the Federal Judicial Center and informs the class members of all the required information under Federal Rule of Civil Procedure 23(c)(2)(B), including (i) the nature of the action; (ii) the Class; (iii) the class claims; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).  The Settlement Administrator will provide the notice and report to class counsel who will in turn report to the Court on the effectiveness of the notice plan. The notice also provides for the Court to schedule a final approval hearing after class members have had a chance to opt-out of, object to, or remain part of the Settlement.

## CONCLUSION

The Court should enter the proposed Order Preliminary Approving Class Action Settlement, Certifying the Class, Appointing Class Counsel, Directing Notice, and Setting the Date for Final Approval Hearing.

Dated: May 14, 2021                     Respectfully submitted,

                                        /s/ *J. Gerard Stranch, IV*
                                        J. Gerard Stranch, IV (admitted *pro hac vice*)
                                        Martin F. Schubert (to be admitted *pro hac vice*)
                                        BRANSTETTER, STRANCH &
                                           JENNINGS, PLLC
                                        223 Rosa L. Parks Avenue, Suite 200
                                        Nashville, TN 37203
                                        Phone: (615) 254-8801
                                        gerards@bsjfirm.com
                                        martys@bsjfirm.com

                                        *Christopher M. Lefebvre, Esq. #4019*
                                        Consumer & Family Law Center of
                                        Claude F. Lefebvre | Christopher M. Lefebvre, PC
                                        PO Box 479 • Pawtucket • RI • 02862
                                        Tel: (401) 728-6060 • Fax: (401) 728-6534
                                        chris@lefebvrelaw.com


                                        Jeffrey Kaliel (to be admitted *pro hac vice*)
                                        Sophia Gold (to be admitted *pro hac vice*)
                                        KALIEL PLLC
                                        1875 Connecticut Avenue, NW, 10th Floor
                                        Washington, DC 2009
                                        Tel: (202) 350-4783
                                        jkaliel@kalielpllc.com
                                        sgold@kalielpllc.com

                                        Lynn A. Toops (to be admitted *pro hac vice*)
                                        COHEN & MALAD, LLP
                                        One Indiana Square, Suite 1400
                                        Indianapolis, IN 46204
                                        T: (317) 636-6481
                                        F: (317) 636-2593
                                        ltoops@cohenandmalad.com

                                        *Attorneys for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 14th day of May, 2021:

☑  I filed and served this document through the electronic filing system on the following parties:

> William M. Dolan (#4524)
> Kyle Zambarano (#7171)
> ADLER POLLOCK & SHEEHAN P.C.
> One Citizens Plaza, 8th Floor
> Providence, RI 02903-1345
> Fax: (401) 351-4607
> wdolan@apslaw.com
> kzambarano@apslaw.com
>
> *Counsel for Defendant*

The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

/s/ *J. Gerard Stranch, IV*
J. Gerard Stranch, IV