UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ERNEST YOUNG, on behalf of himself and all others similarly situated, : : : Plaintiff, : : v. : : THE WASHINGTON TRUST COMPANY, : : Defendant. : | C.A. No. 19-524 WES |

**PRELIMINARY APPROVAL ORDER
GRANTING MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT, CERTIFICATION OF
THE CLASS, APPOINTMENT OF CLASS COUNSEL, DIRECTION OF
NOTICE, AND SETTING DATE FOR FINAL APPROVAL HEARING**

Pursuant to 23(e)(1) of the Federal Rules of Civil Procedure, Plaintiff Ernest Young's Unopposed Motion for Preliminary Approval of Class Action Settlement, Certification of Class, Appointment of Class Counsel, Direction of Notice, and Setting Date for Final Approval Hearing filed in the above-captioned matter on May 14, 2021 ("Motion for Preliminary Approval")[1] is, for the reasons set forth in the Motion for Preliminary Approval, hereby granted, this Court hereby enters this Preliminary Approval Order, and it is

**ORDERED, ADJUDGED AND DECREED**

as specifically set forth below:

1. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over Plaintiff and Defendant in the above-captioned case (the "Parties").

---

[1] Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement attached to and referenced throughout the Motion for Preliminary Approval.

2.      The Court finds that directing notice as set forth in the Settlement Agreement is justified by the Parties' showing that the Court will likely be able to: (i) approve the proposed Settlement under Rule 23(e)(2); and (ii) certify the Settlement Class for purposes of judgment on the proposal.  Specifically, the Court preliminarily finds that the Settlement is fair, reasonable, and adequate, considering that the Settlement Class Members have been adequately represented by the Class Representative and Class Counsel, that the Settlement was negotiated at arm's length, that the relief provided is adequate considering the costs, risks, and delay of trial and appeal, the effectiveness of the proposed method of distributing relief and method of processing claims, the terms and timing of payment associated with Plaintiff's counsel's request for attorneys' fees, and all other relevant factors, and that the Settlement treats Class Members equitably relative to each other.

3.      For purposes of this Settlement only, and subject to the limitations set forth in the Settlement Agreement, the following Settlement Class is hereby conditionally certified:

> all current and former Account Holders at WTC who were charged Multiple NSF Fees between October 23, 2015 and December 31, 2020, as determined by WTC's consulting expert through a process previously disclosed to, and approved by, Class Counsel.

In doing so, the Court preliminarily finds that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class; (d) Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is

ascertainable; and (g) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, Cohen & Malad, LLP, Branstetter, Stranch & Jennings, PLLC, and Kaliel PLLC are hereby appointed as Class Counsel.

5. Ernest Young, the named Plaintiff in the above-captioned matter, is hereby appointed as Class Representative.

6. KCC is hereby appointed as Settlement Administrator and KCC shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and/or this Preliminary Approval Order.

7. A final approval hearing (the "Final Approval Hearing") shall be held before the undersigned at 9 a.m. on September 15, 2021, at One Exchange Terrace, Federal Building and Courthouse, Providence, Rhode Island 02903 for the purpose of, *inter alia*: (a) determining whether the Settlement is fair, reasonable, and adequate and should be finally approved; (b) determining whether a Final Approval Order should be entered; and (c) considering Class Counsel's application for an award of attorneys' fees pursuant to Rule 23(h).

8. Notice of Class Action Settlement in the form attached to the Settlement Agreement as Exhibit 1 ("Email Notice") and Exhibit 2 ("Mailed Notice") and the proposed Notice of Pending Class Action and Proposed Settlement in the form attached to the Settlement Agreement as Exhibit 3 ("Long Form Notice") meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B). Furthermore, the manner of distribution of (1) the Long Form Notice by posting to the settlement website and (2) the Email Notice by e-mail to Settlement Class Members who have not opted out of receiving electronic communications from WTC and for

whom WTC has an email address on file or the Mailed Notice by first class United States mail to the remaining Settlement Class Members, is hereby approved by this Court as the best notice practicable to the Class. The notice plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the notice plan no later than thirty (30) days from the date of this Preliminary Approval Order, in accordance with the terms of the Settlement Agreement.

9. No later than fourteen (14) days prior to the Final Approval Hearing, the Settlement Administrator will cause to be filed with the Court proof that Notice was provided in accordance with the Settlement Agreement and this Preliminary Approval Order.

10. A Class Member who wishes to exclude himself or herself from the Settlement Agreement, and from the release of claims and defenses provided for under the terms of the Settlement Agreement, shall submit an Exclusion Letter by mail to the Settlement Administrator. For an Exclusion Letter to be valid, it must be postmarked no later than sixty (60) days after the Notice Date (the "Bar Date to Opt Out"). Any Exclusion Letter shall identify the Class Member, state that the Class Member wishes to exclude himself or herself from the Settlement Agreement, and shall be signed and dated. Class Members who submit a timely and valid request for exclusion from the Settlement shall not participate in and shall not be bound by the Settlement. Class Members who do not timely and validly opt out of the Settlement in accordance with the Notice shall be bound by all determinations and judgments in the action concerning the Settlement.

11. Class Members who have not excluded themselves shall be afforded an opportunity to object to the terms of the Settlement. To be valid and considered by the Court, the

objection must be in writing and sent by first class mail, postage pre-paid, or pre-paid courier to the Settlement Administrator. The objection must be postmarked no later than sixty (60) days after the Notice Date (the "Bar Date to Object"), and must include (a) the name of the case; (b) the objector's name, address, telephone number; (c) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (d) a statement of the factual and legal basis for each objection and any legal support known to the objector or objector's counsel; (e) the contact information for any attorney retained by the objector in connection with the objection or otherwise in connection with this case; (f) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (g) a statement as to whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; and, (h) the objector's signature.  Any lawyer intending to appear at the Final Approval Hearing must be authorized to represent a Class Member, must be duly admitted to practice law before the U.S. District Court for the District of Rhode Island, and must file a written appearance.  Copies of the appearance must be served on Class Counsel and counsel for Defendant in accordance with the Federal Rules of Civil Procedure.  Any Class Member who does not make his or her objection known in the manner provided in the Settlement Agreement, Long Form Notice and Email or Mailed Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement.

12. Class Counsel shall file all objections received and any response thereto no later than 14 days prior to the Final Approval Hearing.

13. Class Counsel shall file a Motion for Final Approval and a motion for approval of attorneys' fees and costs and Plaintiff's service award, along with any supporting materials, 45 days after entry of the Preliminary Approval Order.  If the Settlement does not become effective,

the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the Parties, and all orders issued in relation to the Settlement Agreement, including but not limited to the Preliminary Approval Order, shall be vacated.

14. The Court may adjourn the date and/or time of the Final Approval Hearing, or move the Final Approval Hearing to a remote conferencing platform, without further notice to the Class Members. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

15. Pending final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the above-captioned matter are stayed. If the Settlement is terminated or final approval does not occur for any reason, the stay will be immediately terminated.

16. If the Settlement Agreement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection with the Settlement will be without prejudice to the rights of the Parties to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court. In such an event, the Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

17. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor

changes to the form or content of the Notices and other documents that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

18. In summary, the following deadlines are set by the Court:

| Event | Time for Compliance |
| --- | --- |
| Deadline for Settlement Administrator to E-mail and Mail Notice | Within 30 days from entry of this Order |
| Deadline for final approval motion and motion requesting attorneys' fees and expenses, and class representative service awards | 45 days after entry of this Order |
| Deadline for Class Member Objections | 60 days after Notice has been issued |
| Deadline for Opt-Outs | 60 days after Notice has been issued |
| Deadline for response to objections, if any | 14 days prior to the Final Approval Hearing |
| Final Approval Hearing | September 15, 2021 |

**SO ORDERED.**

Dated: June 8, 2021

_____
Hon. William E. Smith
United States District Judge
District of Rhode Island

7