UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ERNEST YOUNG, on behalf of himself and all others similarly situated, : : : : Plaintiff, : : v. : : THE WASHINGTON TRUST COMPANY, : : Defendant. : | Cause No. 1:19-cv-00524-WES-PAS |

**FINAL APPROVAL ORDER APPROVING CLASS ACTION SETTLEMENT AND GRANTING APPLICATION FOR ATTORNEYS' FEES AND <u>COSTS, AND SERVICE AWARD</u>**

WHEREAS, the Court conducted a fairness hearing on September 15, 2021;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED this 17th day of September, 2021, as follows:

1. The Court has jurisdiction over the subject matter of this Action and may grant Final Approval of the Settlement Agreement, including all Exhibits to the Settlement Agreement. 28 U.S.C. § 1332. The Court also has personal jurisdiction over the Parties and Settlement Class Members.

2. This Order Granting Final Approval of Class Action Settlement ("Order") incorporates by reference the definitions in the Settlement Agreement filed in this action, and all capitalized terms used herein that also appear in the Settlement Agreement shall have the meanings set forth in the Settlement Agreement.

3. The Court grants Final Approval to the Settlement, as set forth in the Settlement Agreement, as it is fair, reasonable, and adequate, consistent and in compliance with all applicable

requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clause), and the Rules of the Court, and is in the best interests of each of the Parties and the Settlement Class Members.

4. The Settlement Class approved by this Court, and for which Final Approval is given, is as follows:

> All current and former Account Holders at WTC who were charged Multiple NSF Fees between October 23, 2015 and December 31, 2020, as determined by WTC's consulting expert through a process previously disclosed to, and approved by, Class Counsel.

5. The Class satisfies all of the requirements of Federal Rule of Civil Procedure 23(a) (including the requirements of numerosity, commonality, typicality and adequacy) and the requirements of Rule 23(b)(3).

6. As evidenced by the Declaration and Supplemental Declaration of Karen Rogan, a Project Manager at the Settlement Administrator, Notice was directed to the Settlement Class in accordance with the Court's June 8, 2021 preliminary approval order and the Settlement Agreement, and (1) constituted the best practicable Notice under the circumstances; (2) constituted Notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement Agreement, the available relief, the release of claims, their right to object or exclude themselves from the proposed Settlement, and their right to appear at the Fairness Hearing; (3) was reasonable and constitute due, adequate, and sufficient Notice to all persons entitled to receive Notice; and (4) met all applicable requirements of the United States Constitution (including the Due Process Clause), the Class Action Fairness Act, the Federal Rules of Civil Procedure and the Rules of the Court.

7. The Settlement Class Members include all members of the Settlement Class who did not opt-out of the settlement.

8. No Settlement Class Members opted out of the settlement.

9. Each and every Settlement Class Member is and shall be conclusively and forever bound by the Settlement Agreement, including but not limited to Section "XIII. General Release." The Settlement Agreement shall be preclusive in all pending and future lawsuits or other proceedings, and, specifically, the Settlement Agreement shall bar any lawsuit on the Released Claims.

10. The Court directs the Parties and their counsel to further implement and perform in accordance with the Settlement Agreement, the terms and provisions of which are incorporated by reference into this Order.

11. Class Counsel and the Class Representative adequately represented the best interests of the Class for purposes of negotiating, entering into, and implementing the Settlement Agreement.

12. This Action and the Released Claims (including all individual claims and class-wide claims presented thereby) are hereby dismissed on the merits and with prejudice, without fees or costs to any Party except as provided in the Settlement Agreement and as adopted and ordered by the Court in this Order.

13. Without affecting the finality of this Order for purposes of appeal, the Court retains jurisdiction as to all matters relating to the administration, implementation, consummation, enforcement, and interpretation of this Settlement Agreement and this Order, and for any other necessary purpose.

14. There were no objections to the Settlement.

15. Having reviewed Class Counsel's Motion For Final Approval and for Attorneys' Fees, Expense Reimbursement, and Service Award, the Court concludes and orders as follows:

   a. The Settlement Agreement creates a $425,000.00 common fund for the benefit of the Settlement Class.

   b. Rule 23(h) of the Federal Rules of Civil Procedure expressly authorizes a court to award "reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."

   c. "[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 265 (D.N.H. 2007).

   d. In such common-fund cases, attorneys' fees are generally calculated through one of two methods: (1) percentage-of-the fund ("POF"), where "the court shapes the counsel fee based on what it determines is a reasonable percentage of the fund recovered for those benefitted by the litigation," or (2) lodestar, i.e., "the number of hours productively spent on the litigation and multiplying those hours by reasonable hourly rates." *Inre Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 305 (1st Cir. 1995). The district court has discretion as to what methodology to use. *Id.* at *308.

   e. A percentage-of-the-fund approach should be utilized in this case. "While the First Circuit has not mandated use of the percentage-of-fund method, it has held that the approach 'offers significant structural advantages in common fund cases, including ease of administration, efficiency, and a close approximation of the marketplace.'"

*In re Loestrin 24 Fe Antitrust Litig.*, 2020 WL 4038942, at *6 (D.R.I. July 17, 2020) (quoting *In re Thirteen Appeals*, 56 F.3d at 307).Indeed, the percentage-of-the-fund method in common fund cases is "the prevailing praxis" in this Circuit. *In re Thirteen Appeals*, 56 F.3d at 307 (noting it offers "distinct advantages").

f. For guidance in establishing the reasonableness of a percentage-based fee award, courts in this Circuit have looked to the following factors:

(1) the size of the fund and the number of persons benefitted; (2) the skill, experience, and efficiency of the attorneys involved; (3) the complexity and duration of the litigation; (4) the risks of the litigation; (5) the amount of time devoted to the case by counsel; (6) awards in similar cases; and (7) public policy considerations.

*In re Loestrin 24 Fe Antitrust Litig.*, 2020 WL 4038942, at *6 (citing *In re Lupron Mktg. & SalesPractices Litig.*, 2005 WL 2006833, at *3 (D. Mass. Aug. 17, 2005)).

g. Considering each of these factors and applying them to this action, the Court concludes and orders that a fee award of $141,666.65, equal to one-third (1/3rd) of the Settlement Fund, is reasonable in this Action.

h. The reasonableness of this fee is also supported by the lodestar cross-check that equates to the application of a .75 negative multiplier to Class Counsel's $190,186.50 lodestar.

i. Courts have routinely approved fee requests with higher multipliers. *See Mooney v. Domino's Pizza, Inc.*, 2018 WL 10232918, at *1 (D. Mass. Jan. 23, 2018) (finding multiplier of 4.77 to be "within the bounds of reasonableness for a class action," citing cases contemplating multipliers of up to 8.5); *Gordan*, 2016 WL 11272044, at *3 (3.66 multiplier "eminently reasonable" and "within a range approved by, numerous other courts"); *In re Neurontin Mktg. & Sales Practices*

*Litig.*, 58 F. Supp. 3d 167, 172 (D. Mass. 2014) (finding 3.32 multiplier to be "well within the range"); *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) ("[T]he modest multiplier of 4.65 is fair and reasonable."); *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 82 (D. Mass. 2005) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002), for charting multipliers in common fund cases and noting most fall within 1 to 4 range).

j.  Under the common fund doctrine, class counsel is also entitled to reimbursement of all reasonable out-of-pocket expenses and costs in the prosecution of claims, and in obtaining settlement, including but not limited to expenses incurred in connection with document productions, consulting with and deposing experts, travel and other litigation-related expenses. *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 534-535 (E.D. Mich. 2003).

k.  Having reviewed Class Counsel's request for expenses and the various categories and charges contained therein, the Court concludes that these expenses are reasonable and were necessary for the prosecution of this action and hereby orders that Class Counsel shall be reimbursed expenses totaling $500.

l.  The Settlement Agreement also provides that Class Counsel will apply to the Court for Service Awards for the Class Representative in an amount of $5,000. The award sought is within the range awarded in this District and should be awarded here. "In granting incentive awards to named plaintiffs in class actions, courts consider not only the efforts of the plaintiffs in pursuing the claims, but also the important public policy of fostering enforcement of laws and rewarding representative plaintiffs for being instrumental in obtaining recoveries for persons other than themselves."

>> *Bussie v. Allamerica Fin. Corp.*, 1999 WL 342042, at *3 (D. Mass. May 19, 1999) (citing *Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 373-74 (S.D. Ohio 1990)).

> m. Thus, the Court awards Plaintiff Young, as Class Representative, a Service Award of $5,000 to be paid from the Settlement Fund.

16. This Order adjudicates all of the claims, rights and liabilities of the Parties to the Settlement Agreement, and is intended to be final and immediately appealable. There being no just cause for delay, the Clerk of the Court is hereby directed to enter final judgment forthwith pursuant to Federal Rule of Civil Procedure 58.

**It is so ordered:**

\_\_9/17/2021_____   _____
DATE                                William E. Smith
                                    UNITED STATES DISTRICT JUDGE

7